UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR: 123-004 |
| ) | |
| TIBIUS EDWARDS ) | |
| ) | |

PLEA AGREEMENT

Defendant Tibius Edwards, represented by Defendant's counsel John Edward Price, and the United States of America, represented by Assistant United States Attorney Tara M. Lyons, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count Three of the Indictment, which charges a violation of 18 U.S.C. § 2251(a), Production of Child Pornography.

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count Three, are (1) the Defendant knew that the individual was a minor, that is a person that had not attained the age of 18 years; (2) the Defendant employed, used, persuaded, induced or enticed MV1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and (3) the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, including by computer, and such visual depiction

had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Defendant agrees that the Defendant is, in fact, guilty of this offense. The Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: On or about October 21, 2019, in Richmond County, within the Southern District of Georgia, the defendant, **TIBIUS EDWARDS**, did knowingly persuade, induce, and entice Minor Victim #1 (MV1), a minor whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and that visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate or foreign commerce by any means, including by computer, and such visual depiction had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; to wit: -3345.jpg, an image depicting MV1 engaging in sexually explicit conduct.

3.  Possible Sentence

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence: Not less than 15 years' imprisonment, but not more than 30 years imprisonment, Not less than 5 years' supervised release, but not more than life, a $250,000 fine, such restitution as may be ordered by the Court, forfeiture of all forfeitable assets, a possible assessment per count pursuant to 18 U.S.C. §§ 3014 and 2259A, registration as a sex offender under the Sex Offender registration and

2

Defendant's initials TE

Notification Act. The Court additionally must impose a $100 special assessment per count of conviction.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5. Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

Defendant's initials _TE_

6.     <u>Agreements Regarding Sentencing Guidelines</u>

    a.     <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

    b.     <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7.     <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.     <u>Cooperation</u>

    a.     Complete and Truthful Cooperation Required Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Indictment and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

Defendant's initials _TE_

This agreement does not require Defendant to "make a case" against any particular person. Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

      b.    Motion for Reduction in Sentence Based on Cooperation

The government, in its sole discretion, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9.    <u>Forfeiture</u>

      a.    Defendant agrees to forfeit Defendant's interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 18 offense to which Defendant has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, specifically Samsung Galaxy S9+, Model number SM-G965F, S/n RF8K21RBW4R (collectively, the "Subject Property").

      b.    Defendant states that Defendant is the sole and rightful owner of the Subject Property, that, to the best of Defendant's knowledge, no other person or entity has any interest in the Subject Property, and that Defendant has not transferred,

Defendant's initials  *TE*

conveyed, or encumbered the Defendant's interest in the Subject Property. Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

    c.    Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    d.    Defendant waives and abandons Defendant's interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

9.    <u>Financial Obligations and Agreements</u>

    a.    <u>Restitution</u>

Defendant's initials *TE*

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

      b.      <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

10.     <u>Waivers</u>

      a.      <u>Waiver of Appeal</u>

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

      b.      <u>Waiver of Collateral Attack</u>

Defendant's initials *TE*

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

c.   FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.   Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.  Sex Offender Registration

Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of Defendant's supervised release pursuant to 18

Defendant's initials *TE*

U.S.C. § 3583(d). Independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements. Those requirements may apply throughout Defendant's life.

12. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

14. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition,

Defendant's initials _TE_

the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

15. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

JILL E. STEINBERG
UNITED STATES ATTORNEY

3/14/23
Date

_/s/ Patricia G. Rhodes_
Patricia G. Rhodes
Chief, Criminal Division

3/14/23
Date

_/s/ Tara M. Lyons_
Tara M. Lyons
Deputy Chief, Criminal Division
South Carolina Bar No. 16573

10

Defendant's initials TE

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

3-8-23
Date

*Tibius Edwards* (signature)
Tibius Edwards
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

3/2/2023
Date

*John Edward Price* (signature)
John Edward Price
Defendant's Attorney

11

Defendant's initials TE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.  ) | CR: 123-004 |
| ) | |
| TIBIUS EDWARDS  ) | |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change Defendant's plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _19th_ day of _April_ 2023.

_____
HON. J. RANDAL HALL, CHIEF JUDGE,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA